### Branham, et al. v. Commonwealth.

(Decided June 27, 1928.)

Appeal from Pike Circuit Court.

1. Homicide.—In prosecution for murder, that court allowed state to prove that deceased was a deputy officer held not error, where he was in fact such, and according to proof of state was assaulted because of his acts as an officer, and it appeared that cause of bad feeling existing between the parties was arrest of one of parties by deceased some months before.

2. Homicide.—Evidence held to sustain conviction for murder of deputy sheriff.

DAUGHERTY & BARRETT for appellants.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Roland Branham and Sylvan Branham were indicted in the Pike circuit court for the murder of Frank

Phillips. On the trial of the case they were both found guilty, and their punishment fixed at life imprisonment. They appeal.

Frank Phillips was a deputy sheriff of Pike county, employed by a coal company at Greasy Creek. On December 13, 1926, appellants, who were brothers, were together in the coal camp where Phillips was employed as a deputy sheriff. Frank Phillips came out of the coal company's office, and about the time he reached the sidewalk appellants approached him. Roland Branham threw his pistol on Phillips and said, "I understand you are the meanest man in town." Phillips said, "No." Roland Branham said, "Grab your gun," and the shooting followed. According to the proof for the Commonwealth, the first three shots were fired from the small pistol held by Roland Branham. Two shots were then fired from the larger pistol held by Frank Phillips. Phillips and Branham clinched and were in a scuffle. In this scuffle Sylvan Branham got hold of Phillips' pistol and shot Phillips with it. There was a small bullet hole in his body, a large bullet hole in his head, and his skull was crushed from a blow on the head inflicted by Roland Branham with his pistol, after Sylvan Branham shot him with his own pistol. Phillips died at once. Some three months before this Phillips had arrested Sylvan Branham for drunkenness, and after this Sylvan Branham had said he would get even with Phillips; that he would let no one do him like that. Both the Branhams were drinking at the time of the homicide.

On the other hand, the proof for the defendants was in substance that, as the Branhams approached him, Phillips said "What is your business here?" and put his hand around to his back. Branham asked him what he meant, and he began to get his gun out. Branham saw he was bringing his gun out, and started to draw his pistol, but before he got his pistol out Phillips shot at him. He then fired, and they clinched. They also showed that Phillips, when told of Branham's threat, had said in substance that he could shoot as quick as Branham, and that, if the company didn't make him leave, he was going to kill him.

The chief ground relied on for reversal is that the court allowed the state to prove that Phillips was a deputy sheriff. Bates v. Com., 19 S. W. 928, 14 Ky. Law Rep. 177, is relied upon to sustain this objection. But in

that case the proof showed that the defendant was not an officer, and the proof that was held improper was to the effect that he was dressed as an officer. That is not this case. Phillips was in fact a deputy sheriff, and if the proof for the commonwealth is true he was assaulted because of his acts as an officer. The only cause assigned by the proof on either side for the bad feeling existing between the parties was the arrest of Sylvan Branham by Phillips some months before. The proof shows that the defendants well knew that Phillips was an officer and, under the weight of the evidence, made the attack on him for this reason, before he said or did anything. The verdict of the jury is fully warranted by the evidence. The instructions are clear, and have often been approved.

Judgment affirmed.